# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DAVID SHROPSHIRE, | Case Nos. 1:19-cv-195; 1:02-cr-72 |
| *Petitioner*, | |
| | Judge Travis R. McDonough |
| v. | |
| | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | |
| *Respondent*. | |

## MEMORANDUM OPINION

Before the Court is Petitioner David Shropshire's motion to vacate, set aside, or correct his sentence filed pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-195; Doc. 267 in Case No. 1:02-cr-72). For the following reasons, Petitioner's motion will be **DENIED**.

### I. BACKGROUND

In 2002, Petitioner pleaded guilty to possession of a firearm as a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), and to Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951. (*See* Doc. 246 in Case No. 1:02-cr-72.)[1] Based on prior convictions for first-degree murder, aggravated assault, and attempted carjacking, Petitioner was subject to a fifteen-year-mandatory-minimum sentence

---

[1] On May 30, 2018, the United States Court of Appeals for the Sixth Circuit summarized the procedural history of this case in its opinion affirming the Court's revocation sentence imposed on January 24, 2018. (Doc. 246 in Case No. 1:02-cr-72.) Unless otherwise noted, the Court will primarily rely on the Sixth Circuit's factual summary in detailing the factual background underlying Petitioner's present motion.

under the Armed Career Criminal Act ("ACCA") in connection with the felon-in-possession offense. (*Id*. at 3.) United States District Court Judge Curtis Collier calculated Petitioner's guideline sentencing range as 188 to 235 months' imprisonment and sentenced him to concurrent terms of 211 months' imprisonment as to each count of conviction, followed by five years of supervised release. (*Id*.) The Sixth Circuit affirmed Petitioner's convictions and sentence. (Doc. 149 in Case No. 1:02-cr-72.)

After the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner moved to vacate, set aside, or correct his sentence, arguing his prior conviction for attempted carjacking no longer qualified as a predicate offense and that he no longer qualified as an armed career criminal under Title 18, United States Code, Section 924(e). (Doc. 246, at 3, in Case No. 1:02-cr-72.) The Court granted Petitioner's motion, calculated his new guideline range as 151 to 188 months' imprisonment, and reduced his sentence to "time served,"[2] noting that he had already served at least 170 months in prison.[3] (*Id*.) The Court also reduced Petitioner's term of supervised release to three years and denied his request to terminate his supervised release. (*Id*.)

On April 20, 2017, Petitioner began his term of supervised release. (*Id*.) Based on multiple violations of his conditions of supervised release, the Court held a hearing on January 12, 2018, on whether it should revoke Petitioner's supervised release. (*Id*. at 4.) At the hearing, Petitioner admitted to violating the conditions of his supervised release but argued he should not

---

[2] The Court's amended judgment also provides that the time-served sentence was imposed on each count of conviction to be served concurrently. (Doc. 213, at 2, in Case No. 1:02-cr-72.)

[3] Because Petitioner no longer qualified for an enhanced sentence under the ACCA, his statutory maximum sentence for being a felon in possession of a firearm was ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the statutory maximum sentence for Hobbs Act robbery was twenty years' imprisonment. 18 U.S.C. § 1951(a).

2

be incarcerated for those violations because he had already overserved the ten-year statutory maximum non-ACCA sentence on his felon-in-possession charge. (*Id.*) Petitioner also argued that, because he had been incarcerated longer than the non-ACCA statutory maximum sentence, he should receive credit against any sentence imposed for supervised release violations, along with immediate termination of his supervised release. (*Id.*) The Court disagreed, finding that Petitioner had not served any excess time, because he was also subject to a concurrent sentence for Hobbs Act robbery, which carried a statutory maximum sentence of twenty years. (*Id.* at 5.) The Court ultimately revoked Petitioner's supervised release and sentenced him to five months' incarceration, followed by two years of supervised release. (*Id.*)

Petitioner appealed the Court's revocation sentence to the Sixth Circuit, which affirmed the revocation sentence as reasonable. (*Id.*) In affirming the Court's revocation sentence, the Sixth Circuit explained that, "even if [Petitioner] had exceeded the statutory maximum for his crimes, . . . he provides no legal authority supporting the proposition that a district court can or must credit excess time served when determining supervised release." (*Id.* at 8.)

In April 2018, Petitioner completed the custodial portion of his first revocation sentence. (*See* Doc. 248 in Case No. 1:02-cr-72.) However, upon release, Petitioner again violated the conditions of his supervised release. (*See id.*) Petitioner again admitted to violations of the conditions of supervised release and negotiated an agreed revocation sentence of six months' incarceration, followed by twelve months of supervised release. (Doc. 264 in Case No. 1:02-cr-72.) The Court accepted the agreement and entered a revocation judgment in May 2019. (*Id.*)

On June 27, 2019, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. (Doc. 1 in Case No. 1:19-cv-195.) Petitioner's motion is now ripe for the Court's review.

3

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

**III.    ANALYSIS**

In his motion, Petitioner appears to argue he is entitled to relief under Title 28, United States Code, Section 2255 for various reasons related to the Court's imposition of a "time served" sentence as reflected in the amended judgment dated April 10, 2017.  (*See* Doc. 1 in Case No. 1:19-cv-295.)  Specifically, Petitioner appears to argue:

1. the Court imposed an illegal sentence by sentencing him to "time served" after granting relief under Section 2255 based on the Supreme Court's ruling in *Johnson v. United States*;

2. the Court procedurally erred by not removing the career-offender designation when it resentenced him to "time served"; and

3. the Court procedurally erred by not explaining its reasoning for imposing a "time served" sentence.

(*See generally id.*)  Petitioner also asserts that his counsel was ineffective because he did not file a notice of appeal from the Court's 2017 amended judgment.  (*Id.*)  As explained below, each of these claims fails.

**A.  Timeliness of Petitioner's Motion**

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief running from either:  (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Petitioner did not appeal the Court's April 10, 2017 amended judgment, which reduced his custodial sentence to "time served" and resulted in his immediate release. As a result, his amended judgment became final on April 25, 2017, and his deadline for filing a timely motion to vacate, set aside, or correct related to that judgment under Title 28, United States Code, Section 2255 was April 15, 2018. Because Petitioner did not file the present motion until March 2019, his motion is not timely to the extent it seeks to vacate, set aside, or correct the Court's imposition of a time served sentence or to the extent it seeks review of any other issue raised in connection with the Court's amended judgment entered on April 10, 2017.[4] [5]

---

[4] Petitioner appears to argue that his motion is timely under Section 2255(f)(4) because he could not have discovered the facts supporting his claims until the Sixth Circuit affirmed his first revocation sentence. (Doc. 1 at 11, 14, in Case No. 1:19-cv-295). Effectively, Petitioner argues he could not have known he needed to challenge the Court's April 10, 2017 amended judgment until the Court revoked his supervised release and did not give him credit for "overserving" his sentence in connection with his underlying felon-in-possession conviction. (*Id.*) As the Government correctly notes, however, Petitioner has not identified any facts that could not have been discovered through the exercise of reasonable diligence; rather, Petitioner simply misinterpreted the meaning of the Court's "time served" sentence. The facts surrounding the Court's April 10, 2017 amended judgment were known to Petitioner when the Court imposed its amended judgment, and the Court's refusal to give Petitioner credit against his revocation sentence based on his belief that he overserved his sentence in connection with his underlying felon-in-possession conviction does not qualify as new facts that were discovered through the exercise of reasonable diligence.

[5] Additionally, nothing in the record supports equitably tolling the one-year statute of limitations. While the one-year statute of limitations applicable to Section 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, at a minimum, Petitioner has not provided facts demonstrating that some extraordinary circumstance prevented timely filing the present motion.

### B. Petitioner's Custodial Sentence

Petitioner's motion to vacate, set aside, or correct also fails because he is no longer "in custody" as it relates to the Court's amended judgment dated April 10, 2017, and the Court will not "consider the merits of [a] § 2255 motion[ ] filed by [a person] no longer in custody." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012). While a person serving a term of supervised release is in custody for the underlying offense of conviction, an individual in custody because the Court has revoked his supervised release is in custody only as to the supervised release violation, not the original conviction. *See Hanley v. United States*, No. 95-1992, 1996 WL 476404, at *2 (6th Cir. Aug. 20, 1996) (explaining that "punishment for violation of supervised release is distinct from punishment imposed for the underlying criminal act"); *Brinson v. United States*, No. 1:03-cr-81, 2016 WL 6304699, at *1 (E.D. Tenn. Oct. 27, 2016).

In this case, Petitioner is currently in custody because the Court revoked his supervised release and imposed an agreed revocation sentence. (Doc. 264 in Case No. 1:02-cr-72.) As a result, Petitioner is not incarcerated or serving a term of supervise release in connection with the Court's April 10, 2017 amended judgment; rather, his incarceration and following period of supervised release constitute punishment that is distinct from the Court's punishment for his underlying conviction. Accordingly, the Court will not consider the merits of Petitioner's motion as it relates to the Court's imposition of a custodial sentence for which he is no longer in custody.[6] *See Pilla*, 668 F.3d at 372.

---

[6] Petitioner's motion does not identify any basis for challenging the Court's revocation judgment entered on May 31, 2019, except to argue that he should not be incarcerated for violating the conditions of his supervised release because he believes he overserved his sentence in connection with his underlying convictions. Such arguments are challeges to the Court's original judgment, not the revocation judgment for which Petitioner is currently incarcerated.

7

### C. Procedural Default

Additionally, Petitioner's motion fails because his arguments regarding the Court's imposition of a "time served" sentence, including that the Court exceeded the non-ACCA statutory maximum and did not revisit its career-offender designation, are procedurally defaulted. Petitioner did not directly appeal the Court's calculation, the duration, or the legality of his sentence after the Court entered its amended judgment on April 10, 2017. Accordingly, to obtain review of his sentence in connection with a motion made pursuant to Title 28, United States Code, Section 2255, Petitioner must demonstrate that there is good cause for not raising this argument on direct appeal and that actual prejudice will result if not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

In this case, at a minimum, Petitioner has not demonstrated that he will suffer actual prejudice if the Court does not review his arguments. First, as noted above, Petitioner is not currently "in custody" or serving a term of supervised release in connection with his underlying convictions; instead, he is serving a custodial sentence to be followed by a term of supervised release based on the Court's revocation of his supervised release. As a result, the only prejudice Petitioner could theoretically suffer is if he can demonstrate that he did, in fact, overserve his underlying sentence and that he is entitled to have the time he overserved credited against any later-imposed revocation sentence. But, as the Sixth Circuit has already explained, "even if [Petitioner] had exceeded the statutory maximum for his crimes . . . he provides no legal authority supporting the proposition that a district court can or must credit excess time served when determining supervised release." (Doc. 246, at 8, in Case No. 1:02-cr-72.) Accordingly, Petitioner has not demonstrated that he will suffer actual prejudice if his claims are not reviewed,

and, thus, his challenges to the Court's April 10, 2017 amended judgment are procedurally defaulted. *See Elzy*, 205 F.3d at 885–86.

### D. Merits of Petitioner's Motion

Even if Petitioner's motion were timely, and even if his arguments were not procedurally defaulted, Petitioner's motion to vacate, set aside, or correct still fails because the record conclusively shows that Petitioner is not entitled to relief. As the Sixth Circuit has already explained, Petitioner did not overserve his sentence in connection with his underlying convictions. While it is undisputed that, absent the ACCA enhancement, the statutory maximum sentence for Petitioner's felon-in-possession offense was ten years' imprisonment, the statutory maximum sentence for his Hobbs Act robbery conviction was twenty years. *See* 18 U.S.C. § 924(a)(2); 18 U.S.C. § 1951(a). As a result, the Court's imposition of a time served sentence after Petitioner had been incarcerated for approximately 170 months was not "illegal."

To the extent Petitioner argues he is entitled to relief because the Court did not reconsider whether he was properly classified as a career offender under United States Sentencing Guideline § 4B1.1 when it granted his prior motion to vacate, set aside, or correct, and reduced his sentence to time served, that argument fails because the sentencing guidelines are advisory and errors in calculating the guidelines are not cognizable on collateral review absent extraordinary circumstances. *See, e.g.*, *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) ("[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines . . . ordinarily are not cognizable on collateral review."); *see also Sun Bear v. United States*, 644

F.3d 700, 704–06 (8th Cir. 2011) (*en banc*) (holding that petitioner's collateral attack on his career-offender designation was not cognizable under § 2255).[7]

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-195; Doc. 267 in Case No. 1:02-cr-72) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[7] Petitioner also asserts that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal after the Court entered its April 10, 2017 amended judgment. This assertion would normally entitle Petitioner to an evidentiary hearing. *See Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015). In this case, however, an evidentiary hearing is unnecessary because Petitioner's ineffective-assistance-of-counsel claim remains untimely under Title 28, United States Code, Section 2255(f).