# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:02-cr-72-002 |
| v. ) | |
| ) | Judge McDonough/Steger |
| DAVID SHROPSHIRE ) | |

## MEMORANDUM AND ORDER

DAVID SHROPSHIRE ("Defendant") came before the Court for an initial appearance on January 16, 2020, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 270].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Joe Austin to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary and detention hearing. The Court immediately conducted the preliminary hearing and detention hearing.

The Government relied upon the allegations in the Petition [Doc. 270] and the testimony of U.S. Probation Officer John Eppenger. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant must not illegally possess a controlled substance; Defendant must refrain from any unlawful use of a controlled substance; Defendant must not communicate or interact with someone he knows is engaged in criminal activity; and Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the

1

program by the probation officer.

The Petition further sets forth a summary of facts, which facts were testified to by USPO Eppenger. In summary, Defendant tested positive for—or admitted use of—illegal controlled substances (primarily cocaine) on seven separate occasions; he failed to show up for a mandatory drug test on one occasion; and he was less than cooperative with the staff at CADAS. The Court finds that the evidence establishes that probable cause exists to support the various violations of conditions of supervised release specified in the Petition [Doc. 270].

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated the conditions of supervised release. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community or that he is not a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The evidence establishes that probable cause exists to support the violations of supervised release specified in the Petition [Doc. 270].

2. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

3. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before United States District Judge McDonough.

4. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE